Filed 9/14/21  P. v. Romero CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F079426 |
| Plaintiff and Appellant, | (Super. Ct. No. VCF321084) |
| v. | |
| JORGE ROMERO, | **OPINION** |
| Defendant and Respondent. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Tim Ward, District Attorney, Adam Clare, Deputy District Attorney for Plaintiff and Appellant.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

The People of the State of California appeal from the May 30, 2019 ruling of the superior court dismissing the complaint in case No. VCF321084 and substituting the

---

[*]     Before Franson, Acting P.J., Meehan, J. and De Santos, J.

juvenile delinquency petition in case No. JJD068414. The People argue that the superior court erred by finding that Senate Bill No. 1391 (2017-2018 Reg. Sess.) (Senate Bill 1391) was a valid amendment to Proposition 57, which prohibited the further prosecution of Jorge Romero in adult court for a murder committed when Romero was 14 years old and an attempted murder committed when he was 15 years old. The juvenile court had earlier concluded that Romero was unfit to be treated by the juvenile court and granted the People's motion to transfer.

Proposition 57, which voters approved in 2016, eliminated a district attorney's ability to directly file charges in criminal court against minors 14 years old or older at the time of the alleged crime, requiring juvenile court approval before prosecuting such cases in criminal court. In 2018, the Legislature amended provisions of Proposition 57 by enacting Senate Bill 1391, which prohibits the transfer of 14- and 15-year-old offenders to criminal court in nearly all circumstances. The People argue Senate Bill 1391 is unconstitutional because it is inconsistent with and does not further the intent of Proposition 57. We disagree and affirm.

## BACKGROUND[1]

Romero was born in November of 1998. In August of 2013, Romero, then 14 years old, shot and killed victim M.S. because the victim's cousin was dancing in the front yard and displaying gang signs, which Romero thought was disrespectful to the neighborhood. Romero fled the scene with a bandana covering his face. He disposed of the firearm in a nearby ditch.

Five months later, in January of 2014, Romero, then 15 years old, approached victim R.V. and asked him if he participated in gang activity. R.V. replied that he did not. Romero then stated the identity of his own gang and, with another subject, attacked

---

[1] The facts are briefly summarized from the probation honor release report. No preliminary hearing or trial has been held.

R.V. During the assault, Romero pulled out a knife and stabbed R.V. several times before fleeing the scene.

Romero was charged in a felony complaint on July 17, 2015, with attempted murder (Pen. Code, § 664/187, subd. (a)), with allegations that the offense was gang related (Pen. Code, § 186.22), that Romero personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)), and that he personally used a deadly weapon in the commission of the offense (Pen. Code, § 12022, subd. (b)(1)). Pursuant to existing law at the time, charges were directly filed in criminal court under former Welfare and Institutions Code section 707, subdivision (d).[2]

Romero was arraigned on the complaint on November 2, 2016.

On November 4, 2016, a first amended felony complaint was filed, charging the additional offense of murder (Pen. Code, § 187, subd. (a)), also with gang allegations. The charge was directly filed in adult court under former section 707, subdivision (d). Romero was arraigned on the amended complaint the same day.

On November 8, 2016, a second amended felony complaint was filed, which added an additional allegation to the murder charge of the gang murder special circumstance (Pen. Code, § 190.2, subd. (a)(22)) and personal used of a firearm causing great bodily injury (Pen. Code, § 12022.53, subd. (d)). An additional charge of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) was also added with gang allegations.

On November 8, 2016, the electorate approved Proposition 57, which repealed the direct file provisions in section 707, subdivision (d). As a result, minors aged 14 and 15 were eligible for transfer for offenses listed in section 707, subdivision (b).

On November 30, 2016, the People withdrew the second amended complaint.

---

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

3.

On April 26, 2017, following a series of continuances, the matter was sent to juvenile court to conduct a transfer hearing pursuant to Proposition 57.

Romero appeared in juvenile court on May 8, 2017, and the People requested a transfer. The matter was referred to the probation department for a report.

Following a series of continuances, the transfer hearing began on August 8 and, after argument by the parties, concluded August 14, 2018. The juvenile court granted the People's motion to transfer Romero to adult court.

On August 15, 2018, the People filed a third amended felony complaint containing the same charges in the previously withdrawn second amended felony complaint. Romero was arraigned on the complaint the following day.

In September 2018, the Governor signed Senate Bill 1391 (Stats. 2018, ch. 1012, § 1), which became effective January 1, 2019, prohibiting the transfer of minors for offenses committed when they were 14 or 15 years old.

On May 30, 2019, following a series of continuances and briefing related to the constitutionality of Senate Bill 1391, the superior court denied the People's motion to declare Senate Bill 1391 unconstitutional, dismissed the third amended felony complaint on its own motion, and reinstated the juvenile wardship petition.

The People timely appealed.

## DISCUSSION

The People challenge the amendments created by Senate Bill 1391, contending they are not consistent with and do not further Proposition 57's intent to protect public safety and to have judges and not prosecutors determine juvenile eligibility for criminal court by eliminating prosecutors' ability to seek transfer of violent 14- and 15-year-old offenders to criminal court. Prior to filing of this appeal, this court addressed the constitutionality of the amendments of Senate Bill to Proposition 57 in *People v. Superior Court (T.D.)* (2019) 38 Cal.App.5th 360 (*T.D.*) and found them constitutional. The People contend *T.D.* was wrongly decided and should be reconsidered. Review was

granted in *T.D.* on November 26, 2019, pending consideration of this question before the Supreme Court in *O.G. v. Superior Court* (2019) 40 Cal.App.5th 626 (rev. granted Sept. 30, 2019).

After briefing on this matter concluded, the Supreme Court issued its opinion in *O.G. v. Superior Court* (2021) 11 Cal.5th 82, in which it concluded that Senate Bill 1391 was a constitutional amendment to Proposition 57. (*O.G., supra,* at p. 87). The review granted and held in *T.D., supra,* 38 Cal.App.5th 360 was dismissed. We are bound by the decision in *O.G.* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [decisions of the Supreme Court are binding upon and must be followed by all the state courts of California]), and we will accordingly affirm the superior court's reinstatement of the juvenile wardship petition.[3]

## DISPOSITION

The superior court's reinstatement of the juvenile wardship petition is affirmed.

---

[3] On February 10, 2020, Romero requested this court take judicial notice of portions of the Voter Information Guide for the November 8, 2016, general election. On March 17, 2020, the People requested that this court take judicial notice of the complete portion of the Guide concerning Proposition 57. We deny the requests as unnecessary to resolve the issues raised in this appeal.